[Civ. No. 402. Second Appellate District.—January 20, 1908.]

In re Application of G. R. JOHNSON, for Writ of Review.

ESTATES OF DECEASED PERSONS—SALE OF STOCK AT LESS THAN VALUE —CONFIRMATION—MOTION TO VACATE FOR FRAUD—JURISDICTION.— The superior court has jurisdiction, in the matter of the estate of a deceased person, under section 473 of the Code of Civil Procedure, to grant the motion of a minor heir to set aside the confirmation of a sale of stock belonging to the estate, made upon application of the executrix, where the stipulated price was grossly disproportionate to the value of the property and has operated to defraud the heir in the sum of over eleven thousand dollars.

ID.—CONSTRUCTION OF CODE—REMEDIAL PROVISION.—Section 473 of the Code of Civil Procedure is remedial in its nature, and is to be liberally construed.

ID.—FRAUD SHOWN UPON MOTION MAY BE INTRINSIC.—Where the motion is made within a reasonable time under section 473 of the Code of Civil Procedure, fraud shown may be either intrinsic or extrinsic to the merits. It is only where relief in equity is sought after the limitation of the time imposed for relief by motion that the fraud shown must be extrinsic.

ID.—CONFIRMED SALE NOT EXECUTED—RESCISSION BY EXECUTRIX— POWER OF RESALE.—Where the sale confirmed was never executed for want of payment of the purchase money, and was rescinded by the executrix, and the title to the certificates of stock was never vested in the purchaser, the executrix has the power of resale, and the vacation of the confirmation is of little practical consequence.

ID.—APPLICATION FOR CERTIORARI BY PURCHASER.—The purchaser, not having complied with the conditions of purchase, has no interest in the property or estate, and is not entitled to a writ of review to annul the order setting aside the confirmation of the sale.

APPLICATION of G. R. Johnson for writ of review to annul an order of the Superior Court of Los Angeles County, setting aside the confirmation of a sale. James C. River, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, for Petitioner.

Page, McCutchen & Knight, for Minor Heirs.

Theodore A. Bell, and Taylor & Forgy, for Executrix.

ALLEN, P. J.—It is disclosed by the record, the complete-
ness of which is not questioned and from which alone the jur-
isdictional question involved must be determined, that one
Marie H. Vance, as executrix of the last will of S. A. Vance,
deceased, entered into an agreement for the sale of certain
shares of corporate stock belonging to the estate of said
Vance; that under the provisions of said will authority to
sell without order of court was given, but, as required by
section 1561 of the Code of Civil Procedure, she reported to
the court that she had entered into an agreement to sell said
property for $143,216.66 cash, and had received a thousand
dollars of such purchase price; that the balance of the cash
was to be paid upon delivery of the certificates duly assigned
and upon confirmation of such sale by the court. She further
reported that she had agreed that the purchase money should
be left on deposit with the American National Bank at Los
Angeles for a period of sixty days after confirmation, and
that she had agreed to assign as a part of the transaction a
certain agreement of guaranty theretofore made with refer-
ence to dividends upon said stock. She prayed the court for
an order of confirmation and authority to deliver such cer-
tificates upon deposit to her credit by the purchaser of $143,-
216.66 in said bank. Thereafter, on March 18, 1907, the court
upon examination made its order confirming said sale and
authorizing the executrix, upon the receipt of said money to
her credit in said bank, to assign and deliver said certificates
and said agreement of guaranty; that the day following the
entry of such order the executrix assigned said certificates
and agreement of guaranty and deposited the same with the
American National Bank in escrow, at the same time deliver-
ing to said bank certain instructions and receipts, which, be-
ing read together, amounted to a statement that the certificates
were held by the bank subject to petitioner's examination as
to the title of the executrix and her right to sell, and upon the
agreement that should the title or transfer of such securities
be shown defective in any way the securities were to be re-
turned to the executrix and the certificate of deposit issued
by the bank on petitioner's account should be returned to the
bank. It further appears from the record that a minor child
of tender years was by the terms of the will of said Vance
entitled to one-half of the estate of such testator; that on May
14, 1907, the duly appointed guardian of such minor made an

application to the superior court, praying that the estate of Vance, deceased, be relieved from such order of confirmation, for the reason that said Johnson and said executrix both knew, when said agreement was made and said order of confirmation applied for, that the stipulated price for which said property was to be sold was disproportionate to its value and that the sale thereof at such price was a fraud upon said estate and said minor child; that although said executrix had ample opportunity so to do she had neglected and refused to inform herself as to the true value of said shares of stock before entering into said contract, and alleging that in truth the market value of said shares, at the date of the execution of said agreement to sell and of said application for order of confirmation, was ten dollars per share, or twenty-two thousand dollars and more, in excess of said contract price. Upon the hearing of such application for relief the executrix filed her answer alleging, among other things, that the petitioner had repudiated said sale and had refused to comply with its terms, or to pay to said executrix any part of the purchase money, and that said executrix had elected to rescind the same and had tendered back the thousand dollars received upon the execution of said agreement for sale and the certificate of deposit theretofore issued to her.

It further appears from a verified complaint signed by petitioner and before the court on said hearing, that petitioner refused to accept the title to said certificates so deposited in escrow and had sought to maintain an action for damages against the executrix on account of her default under her agreement, and in said action had caused an attachment to be issued and served upon the bank issuing such certificate of deposit, which action was still pending and undetermined at the date of the hearing of said application of the guardian.

The court upon the hearing of said application granted relief under section 473 of the Code of Civil Procedure and vacated the order of confirmation theretofore by it made. That said price stipulated in the agreement was grossly disproportionate to the true value is clearly established, the effect of which was to defraud the minor child out of more than eleven thousand dollars.

The only question presented upon this application for a writ of review relates to the jurisdiction of the superior court to grant this relief. We are of the opinion that it was properly

granted and the court exercised a proper discretion therein. That such relief can be granted in proceedings of this character is clearly shown in *Estate of Ross*, 140 Cal. 286, [73 Pac. 976], and that in an application under section 473 such section is to be liberally construed as a remedial statute. (*Melde* v. *Reynolds*, 129 Cal. 311, [61 Pac. 932].) That such relief may be granted upon the application of defrauded heirs is manifest from the reasoning employed in the case of *Campbell* v. *Campbell*, 152 Cal. 201, [92 Pac. 184], where it is held that equity will grant relief after the limitation imposed by section 473 upon the application of those beneficially interested where the fraud is extrinsic. In applications for relief under section 473 of the Code of Civil Procedure, made within a reasonable time, no distinction is to be made between extrinsic or other fraud. Fraud or its equivalent, whether upon the court or a party or one so situated as to be held in law an adversary, is sufficient to warrant relief. In addition to all of this, the contract which was confirmed originally was never executed. The only attempt so to do was by entering into a new agreement in the nature of a conditional sale. The court was warranted in finding from the affidavits used on the hearing that the executrix, for good cause, had rescinded the original agreement to sell, and that no title to such certificates ever vested in petitioner, but remained in the estate. The petitioner, having refused to comply with his agreement, the executrix possessed the right to resell the property, even without an order vacating the former confirmation, and that such order was so made is of little consequence in determining the rights of the petitioner under this application. Petitioner is shown to have no interest in the property or estate, and is in no position to invoke a review of the order or proceedings connected therewith.

Writ dismissed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1908.