[Civ. No. 13125.   Second Dist., Div. Two.   Oct. 14, 1941.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Appellant, v. A. C. HAUER, Respondent.

Helgoe & Hart for Appellant.

Julius J. Novack and Harold R. Haberkorn for Respondent.

MOORE, P. J.—Plaintiff appeals from an order vacating a summary judgment which had been granted upon its demand. That judgment was vacated twelve days after its entry upon the ground of fraud in its procurement.

The factual background out of which the instant controversy arose is as follows:

February 13, 1940, plaintiff and defendant entered into an agreement whereby plaintiff sold to defendant: (1) a parcel of land situate in San Bernardino County, California, planted to oranges; (2) 75 shares of the water stock; and (3) 1100 orchard heaters, subject to the second installment of the county taxes for the fiscal year 1939–1940 and to the restrictions and easements of record, for the price of $22,340. The terms of the sale were as follows: $5340 cash, the balance of $17,000 payable in annual installments of $1700 on each first day of June, commencing June 1, 1941; interest at 5 per cent payable quarterly. The buyer was to pay all taxes, and assessments levied against the property and all utility charges. The agreement contained other provisions which are immaterial to the issue before us.

As security for the deferred payments on the purchase price provided by the sales agreement, defendant executed an assignment to plaintiff of one-half of the net proceeds from the sales of the crops for 1940 which "shall be considered as being applied on the last installment or installments of principal due on said agreement." The assignment was accepted by the Southern Citrus Association, the marketing agency, which duly came into the possession of the net proceeds from the sales of defendant's crop for the year 1940. Under the terms of the sales agreement plaintiff might at its option declare the entire balance of the purchase price to be immediately due and payable in the event that defendant should fail to make any payment thereby provided or to fulfill any of its obligations under the agreement.

On April 12, 1940, having conceived that defendant had not fulfilled such obligation, plaintiff exercised its option to declare the entire balance of the purchase price due and payable, and thereupon served notice upon defendant that "unless on or before April 22, 1940, you shall have paid the amounts above declared to be due and payable, the undersigned will declare a forfeiture and termination of all your rights . . . in the property described therein and to all sums paid under the terms thereof." Such payments were not made by defendant as demanded in the notice. The orange crop was picked and marketed by the Southern Citrus Association. One-half of the net proceeds amounted to $2120.20.

Plaintiff commenced this action June 29, 1940, against the association to recover the last mentioned sum. The association having disclaimed interest in the controversy, paid the moneys into the court and upon its motion A. C. Hauer was substituted as defendant in lieu of the Citrus Association. After Hauer had filed his answer, plaintiff moved the court for a summary judgment whereupon the defendant filed a counter-motion for such judgment in his own favor. On January 6, 1941, following the hearing on the motions, the court by minute order granted plaintiff's motion and struck defendant's answer. January 8th the judgment which directed the clerk of the court to pay the funds on deposit to plaintiff was entered. But on the day after the original hearing, following the language of the sales agreement, plaintiff executed and served a notice of forfeiture of all of defendant's interest under the sales agreement and forwarded the same by mail to defendant who received it January 8th, the day of the entry of the judgment. This fact was not communicated to the court. Upon receipt of plaintiff's notice defendant filed his motion to set aside the original judgment on the ground of fraud. It was granted January 20th and the order was entered from which this appeal is taken.

In its counter-motion for a summary judgment upon the original hearing, defendant alleged that the sales agreement had been terminated; that all his rights thereunder had been forfeited and that plaintiff was at that time in possession of all of the property described in the agreement. The factual basis of defendant's motion to vacate the original judgment was plaintiff's failure to inform the court, prior to the entry of the summary judgment, of the fact that its declaration of forfeiture had already been made and served. Following a hearing the order appealed from was entered.

■ Where a vendor of agricultural land under a conditional sales agreement has terminated it and has declared the forfeiture of all of the vendee's interest under the contract, the vendor is not entitled to the crop proceeds where the vendee, by the sales agreement, has promised to pay a portion of the purchase price out of the proceeds derived from the sales of crops grown upon the land described in the contract, and the proceeds have been assigned as security for such payment. (*Beck* v. *Shepherd Fruit Co., Inc.,* 19 Cal.

App. (2d) 590 [66 Pac. (2d) 188].) ██ Upon the breach of any covenant by the vendees under a conditional sales agreement, plaintiffs are entitled to invoke either of two remedies: (1) to affirm the contract and sue for the balance of the purchase price, or (2) to terminate the contract, retain the money paid on the purchase price and repossess the property. (*Glock* v. *Howard & Wilson C. Co.*, 123 Cal. 1 [55 Pac. 713, 69 Am. St. Rep. 17, 43 L. R. A. 199].) ██ These remedies are inconsistent, and the election of one precludes the right to exercise the other. The vendor is not entitled to pursue both by declaring a forfeiture, retaining possession of the movable property described in the sales agreement together with cash payment already made, and by collecting future payments under the contract. By its notice served on April 12th plaintiff had indicated its purpose to enforce a forfeiture. By its notice of January 7th it declared the forfeiture and thereby elected to terminate the sales agreement and did so as far as lay within its power. (*Beck* v. *Shepherd Fruit Co., Inc., supra.*) The effect of the exercise of its right of forfeiture of the sales agreement was to cancel the assignment of the proceeds from the sale of the crop for the year 1940.

██ In the affidavit filed in support of the motion for the original summary judgment, it was expressly averred that the sales agreement had not been terminated. Technically that was true for at the time of filing the motion the only notice which had been served upon defendant was its declaration that it would at a future date declare a forfeiture. But the actual termination of the contract before the entry of the judgment, and the failure to inform the court of such forfeiture, was its own denial of the very averment made in its affidavit to the effect that the sales agreement had not been terminated and that defendant's rights had not been forfeited. By its latest act plaintiff had so altered the material facts upon which the original summary judgment was granted that the entry of such judgment was no longer warranted. The concealment of the fact of its actual forfeiture of plaintiff's rights under the sales agreement constituted a fraud and justified the order setting aside the original judgment. (*McGuinness* v. *Superior Court*, 196 Cal. 222, 230 [237 Pac. 42, 40 A. L. R. 1110].) ██ Where, as in the instant case, the motion to set aside the judgment on the ground of fraud

is made under the provisions of section 473 of the Code of Civil Procedure, it is immaterial whether the fraud be extrinsic or intrinsic. (*In re Johnson*, 7 Cal. App. 436 [94 Pac. 592].)

Appellant contends that defendant had no sufficient defense on the merits to the original motion for a summary judgment and that, therefore, the judgment should not have been vacated on the ground of fraud because of such lack of defense. In support of this contention appellant argues that since the contract was not terminated until after the order granting the motion for summary judgment was made, the rights of the parties had already been determined and were in no way affected by such termination. But appellant fallaciously conceives that the order granting the summary judgment finally determined the rights of the parties. On the contrary, the judgment itself spells the final determination of the rights of the parties. (Code Civ. Proc., sec. 577.)

But even the judgment, although signed, is not effectual for any purpose until it is entered. (Code Civ. Proc., sec. 664.) Plaintiff's right to recover the $2120.20 depended wholly upon the continued existence of the contract. With the contract in force, it had no right to the money sued for until the last installment of the sales contract should become payable. The moment that plaintiff deposited in the mails the notice of the forfeiture of respondent's interest in the sales contract, it lost all right to recover the money.

It was not error to permit defendant to file a supplemental answer alleging occurrences material to the defense which had happened after the commencement of the action and prior to judgment. (Sec. 464, Code Civ. Proc.)

The order appealed from is affirmed.

Wood, J., and McComb, J., concurred.