No. 85-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

GALE WOOD,

Plaintiff and Appellant,

-vs-

ROBERT BUTOROVICH, SHERIFF OF BUTTE-
SILVER BOW COUNTY, et al.,

Defendants and Respondents.

_____

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Leonard J. Haxby, Butte, Montana

For Respondent:

Robert M. McCarthy, County Attorney, Butte, Montana

_____

Submitted on Briefs: Jan. 30, 1986

Decided: April 3, 1986

Filed: APR 3 - 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Harrison, delivered the Opinion of the Court.

This is an appeal from the decision of the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, involving the firing of a policeman. Following a hearing before the Butte-Silver Bow Law Enforcement Commission, appellant filed a petition in District Court seeking a review of the commission's order. The District Court, after consideration, affirmed the order of the Law Enforcement Commission. We affirm.

The sole issue on appeal is whether the Butte-Silver Bow Law Enforcement Commission was properly empaneled when, following a hearing pursuant to § 7-32-4155, MCA, it decided to discharge the appellant police officer.

Appellant was a police officer of the Butte-Silver Bow Law Enforcement Department. At the time he was dismissed, he had served just short of twelve years as a police officer. On August 11, 1983, appellant was suspended from duty. Shortly thereafter a complaint was filed against him by the Sheriff of Butte-Silver Bow asking for his dismissal and charging him with several offenses, basically of conduct unbecoming an officer in violation of § 7-32-4155(1)(b), MCA, and of Section 11A of Butte-Silver Bow Ordinance No. 14.

A hearing was held before the Butte-Silver Bow Law Enforcement Commission on September 27, 1983. Members sitting on the commission were R. C. Lemm, chairman; John Lynch, secretary; Rev. Robert A. Craver, member; and F. L. Stradinger, member. On September 28, 1983, all four members of the Butte-Silver Bow Law Enforcement Commission entered

2

findings of fact and conclusions of law, terminating appellant and recommending that the Chief Executive of Butte-Silver Bow carry the termination into effect. On that same date, the Chief Executive permanently terminated appellant in his employment as a police officer.

The Butte-Silver Bow Law Enforcement Department is controlled by the Metropolitan Police Act. That Act provides for a three-member commission with each member to hold office for three years, one member to be appointed annually. The Butte-Silver Bow Ordinance creating its Law Enforcement Commission is Ordinance No. 12. This Ordinance mandates a Law Enforcement Commission of five members, holding office for three years each, with at least one member elected annually at their first meeting in January of each year.

Appellant notes that at the time of his hearing, there were only four commissioners because one of the commissioners had moved to Helena and could not act as he was no longer a resident of Butte-Silver Bow. He then argues that, of the other four members, R. C. Lemm, who was the acting chairman, and Rev. Robert A. Craver, were not duly appointed as commissioners at the time of his hearing. Appellant argues therefore that of the four members trying the case, two of the subject members who tried the case and voted for his dismissal were not properly appointed members of the Butte-Silver Bow Law Enforcement Commission and they acted over the objection of appellant at the hearing.

Respondent argues that Butte-Silver Bow is a local government with self-governing powers. Pursuant to the authority given to self-governing entities, Butte-Silver Bow enacted legislation creating a Law Enforcement Commission with five members, each serving three years. These terms

3

were staggered so that each year one or more of the commissioners' terms would be concluded. It is important to note here that appellant on this appeal does not contest the authority of Butte-Silver Bow to enact its five-member commission, nor the commission's authority to act. Further, appellant has not demonstrated in any manner how his substantial rights were prejudiced by a five-member commission rather than a three-member commission as provided for in Metropolitan Police Act.

The evidence at the hearing before the commission consisted of testimony by supervising officers that they found the appellant in an intoxicated condition at a private residence, behind which he had concealed his patrol vehicle. In addition, appellant had failed to report his location to the dispatch center as required by police regulations. Following discovery of the appellant, he was allowed to go home because of his condition, but he returned to duty on his next regularly assigned shift. Thereafter a complaint was filed against him which found him guilty of neglect of duty, misconduct in office, and of conduct unbecoming an officer.

The sole argument of appellant centers around the validity of the appointment of two members of the Butte-Silver Bow Law Enforcement Commission, R. C. Lemm and Rev. Robert Craver. As noted previously, at the time of the hearing only four members of the five-member commission participated because one member had moved outside the Butte-Silver Bow area. Of the other four members, R. C. Lemm was appointed to the commission on May 17, 1977. He was properly appointed and confirmed at that time. At the time of the hearing before the District Court, neither party could find the documentation to show that R. C. Lemm had been

4

reappointed to his position, which should have taken place in 1979 and again in 1982. It was agreed, however, that R. C. Lemm had acted as a commissioner since he was appointed in 1977 in all matters that the commission dealt with during that period. His present term was due to expire in January 1986.

Rev. Robert A. Craver was appointed commissioner in 1982 to replace an individual whose term was to expire in 1985. Appellant here raises the issue of the validity of this appointment because the minutes which reflect the confirmation of the appointment incorrectly refer to Rev. Craver as "Reverend Fargher." Rev. Craver, however, was in fact properly appointed and empaneled at the time of appellant's hearing.

Appellant argues that, in the absence of any consistent records showing appropriate appointment of the two commissioners during this period of time, they could not act at the hearing in this case because they were not properly appointed. He notes that since there is no record of their appropriate and proper appointment, the commission was improperly appointed and empaneled at the time of his hearing and any actions on behalf of the commission were a nullity and were void. In support of this argument he cites several old Montana cases: State ex rel. Rusch v. Bd. of County Commissioners of Yellowstone County (1948), 121 Mont. 162, 191 P.2d 670; State ex rel. Nagle v. Stafford (1934), 97 Mont. 275, 34 P.2d 372; and Marcellus v. Wright (1921), 61 Mont. 274, 202 P. 381.

In Rusch, this Court's decision centered upon a now defunct constitutional prohibition against extending the term of a public officer. The Court's decision was based on an

5

interpretation of this provision, which is not now part of the 1972 Constitution. Stafford also involved interpretation of a constitutional mandate concerning the appointment of the office of the Commissioner of Agriculture. In that case the Court held that the present commissioner could "hold over" until his successor was appointed. Finally, in Marcellus, the Court considered a specific constitutional provision regarding the term of office of a district judge who had left office and then later filed an opinion. Each of these decisions relied upon by appellant concerned specific constitutional provisions that are no longer in the Constitution of the State of Montana since our adoption of the 1972 Constitution.

Respondents' position concerning R. C. Lemm is that he was properly reappointed and acting in his official capacity at the time of the hearing. It was uncontested that Lemm was still acting in the position to which he had been properly appointed in 1977 and that he had acted in this capacity through the entire period of time since his original appointment. In addition, respondents note that appellant made no objection to R. C. Lemm sitting in appellant's case at the time of the commission hearing. Nor was any showing made that appellant's substantial rights had been prejudiced (as required by § 2-4-704(2), MCA) by having R. C. Lemm sitting as a de facto commissioner in this case. The trial judge so found.

The Kansas Supreme Court addressed a similar situation concerning de facto public officers where technical objections as to the legal status of an officer were raised and the officer was found to be a de facto officer of the county or city. In State v. Miller (Kan. 1977), 565 P.2d 228, a

6

coroner had been apparently appointed to the office in 1967 and had taken the oath of office at that time. His last appointment was in January 1969 for a term of four years. There, the court held he had a color of right or title to the office at the time he made an autopsy by reason of his original appointment although his term had expired. The Court found that he had acted as a coroner since 1967; that he had qualifications for the office of coroner; and that he was in possession of the office and exercising the duties thereof. In addition, the general public and public authorities believed him to be the coroner and relied upon him as such through his term even though his term had expired. The Kansas court found that these are the classic characteristics of a de facto officer, noting:

> A person who assumes and performs the duties of a public office under color of authority and is recognized and accepted as a rightful holder of the office by all who deal with him is a de facto officer, even though there may be defects in the manner of his appointment, or he was not eligible for the office, or failed to conform to some condition precedent to assuming the office.

Miller, 565 P.2d at 235. See Olathe Hospital Foundation, Inc. v. Extendicare, Inc. (Kan. 1975), 539 P.2d 1. Also see Will v. City of Herington (Kan. 1968), 443 P.2d 667; State v. Roberts (Kan. 1930), 288 P. 761.

We agree with the Kansas court that a de facto officer's acts are valid insofar as they involve the interest of the public and a third person.

Here, R. C. Lemm, at the least, was acting as a de facto commissioner at the time of the hearing and his actions were valid. We agree with the District Court in its Conclusion of Law No. 6 which held that:

7

> Even assuming that it was improper for Robert Lemm to sit on the Plaintiff's hearing, that would not prejudice the substantial rights of the Plaintiff because the other three (3) members who sat on the hearing were properly appointed and impaneled, and as a majority of the Commission the three (3) of them voted to terminate the Plaintiff's employment.

As to the objection of appellant to the appointment of Rev. Robert A. Craver, we find no merit. As previously pointed out, the minutes of the meeting of the Butte-Silver Bow Law Enforcement Commission incorrectly reflect that the "Reverend Fargher" was appointed to fill the vacancy left by the resignation of Ron Ashabrenner. Rev. Fargher had, in fact, previously served on the Law Enforcement Commission, and common sense dictates that is why his name was inadvertently substituted for that of Rev. Robert A. Craver. There was submitted at the hearing a letter from the Chief Executive of Butte-Silver Bow to the commissioners requesting the appointment of Rev. Robert A. Craver to fill the vacancy vacated by Ron Ashabrenner, whose term began February 1, 1982, and expired in 1985. This error was pointed out to the District Court. The court found that Rev. Craver was properly appointed and we agree.

The decision of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

8

_R. C. Sutherland,_

_Fred J. Fleck_

_William E. Huntley_

Justices