MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the District Court of the First Judicial District in and for the City/County of Butte-Silver Bow, Montana. The District Court upheld a decision by the Montana Board of Personnel Appeals that the City/County of Butte-Silver Bow refused to abide by the parties’ collective bargaining agreement in violation of Section 39-31-401(5), MCA. We reverse and remand.
The Butte-Silver Bow Law Enforcement Commission heard charges brought against police officer Gale Wood pursuant to Section 7-32-4155, MCA, which is part of the Metropolitan Police Act, and Butte-Silver Bow Ordinance 14, which in pertinent parts is identical to the state act. Following the hearing, the Commission found the officer guilty of neglect of duty, misconduct in office, and conduct unbecoming an officer. His termination as an officer was approved by the chief executive of Butte-Silver Bow, pursuant to Section 7-32-4161, MCA. The officer then filed a petition in District Court pursuant to Section 7-32-4164, MCA, seeking judicial review of the law enforcement commission’s decision. The District Court affirmed the decision and we upheld in Wood v. Butorovich (Mont. 1986), [220 Mont. 484,] 716 P.2d 608, 43 St.Rep. 546.
Concurrently, Officer Wood pursued remedies through his union under the grievance procedure, Article 14, of the Collective Bargaining Agreement between the officer and Butte-Silver Bow. Butte-Silver Bow (appellant) refused to grieve the matter as being outside the grievance procedure, contending Wood’s exclusive remedy was pursuant to Section 7-32-4164, MCA. The union filed an unfair labor practice complaint against Butte-Silver Bow for refusal to bargain in good faith in violation of Section 39-31-401(5), MCA, with the Board of Personnel Appeals.
The parties stipulated to certain facts and to the issue to be decided, namely, whether appellant violated Section 39-31-401(5), MCA, by refusing to process Officer Wood’s grievance. The hearing examiner concluded the statute had been violated, and ordered appellant to process the grievance. Appellant filed exceptions and a hearing was held before the Board of Personnel Appeals, which adopted the hearing examiner’s findings, conclusions, and recommended order. Appellant petitioned for judicial review. Following a *288 hearing, the District Court affirmed the holding of the Board of Personnel Appeals. Appellant’s motion to amend and a motion for a new trial were denied. This appeal followed.
We are asked to decide whether the District Court erred in affirming the findings of the Board of Personnel Appeals that Butte-Silver Bow violated Section 39-31-401(5), MCA, by refusing to process Officer Wood’s grievance. When the issue is one of law, the Court is free to reach its own conclusions from the evidence presented. Section 25-7-102, MCA.
Resolution of the issue turns on whether the grievance procedure in the then existing collective bargaining agreement between Officer Wood and appellant provides a remedy for a police officer which is in addition to that set out in Section 7-32-4155 of the Metropolitan Police Act. The Metropolitan Police Act, Section 7-32-4101 et seq., MCA, enacted in 1907, fixes the conditions under which a policeman may be appointed, may continue to enjoy the office, and may be removed therefrom. A police commission, Section 7-31-4155, MCA, has the duty and the exclusive jurisdiction to hear, try and decide all charges brought by any person against any officer or member of the police department. See State ex rel. Mueller v. District Court (1930), 87 Mont. 108, 113. 285 P. 928, 930; In the Matter of Dewar (1976), 169 Mont. 437, 443, 548 P.2d 149, 153. The officer then has the right of appeal to the District Court pursuant to Section 7-32-464, MCA:
“District court review. The district court of the proper county shall have jurisdiction to review all questions of fact and all questions of law in a suit brought by any officer or member of the police force, but no suit to review such hearing or trial or for reinstatement to office shall be maintained unless the same is begun within a period of 60 days after the decision of the police commission or order of the mayor has been filed with the city clerk.”
The collective bargaining agreement between appellant and Officer Wood provides in Article 3, Section 2 that after a thirty day probationary period and confirmation of appointment by the police commission, an “applicant becomes a member of the police force and holds such position during good behavior unless suspended or discharged as provided by law.” The agreement specifically incorporates the Metropolitan Police Act in Article 31, in which the parties “agree and recognize that the [Butte-Silver Bow] law enforcement department is subject to the regulations of the Metropolitan Police Law of the State of Montana . . . “ Therefore Butte-Silver Bow’s *289 method for discharge is that found in the Metropolitan Police Act. Article 14, Section 4, of the agreement defines grievance as “a complaint by an employee that he/she has been treated unfairly or unjustly in the interpretation or application of [the agreement’s provisions].” Thus a grievance arises only on a misapplication of a provision of the agreement. Neither party claims a misapplication of the method of discharge.
By the agreement’s own terms, the Act is applicable. It was applied. The agreement, pursuant to the Act, provides adequate administrative and judicial determination and review when an officer is discharged. It does not provide a grievance procedure for termination. The parties to this agreement are bound by these terms.
Officer Wood seeks further review of the same conduct by a different body. Such an attempt could result in contradictory holdings. More importantly, however, the terms of the agreement do not permit this course of action.
We find appellant did not commit an unfair labor practice because the terms of the agreement were followed. Therefore, we reverse and remand to the District Court for an order consistent with this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER and GULBRANDSON concur.