No. 89-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

CLARENCE T. BELUE and DIAN R. BELUE,

        Plaintiffs and Respondents,

  -vs-

DANIEL J. GEBHARDT, BONNIE R. GEBHARDT, RICHARD
A. DORN, FRED J. CALL, SR., and LARRY DORN,

        Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Douglas Y. Freeman, (Dorn), Hardin, Montana
        James E. Torske, (Call, Sr.), Hardin, Montana

    For Respondent:

        Clarence T. Belue, pro se, Hardin, Montana

Submitted on Briefs:  Nov. 2, 1989

Decided:  December 20, 1989

Filed:

_____ Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order by the District Court, Thirteenth Judicial District, Big Horn County, Montana. The District Court granted summary judgment in favor of plaintiffs. Defendants appeal. We affirm.

The sole issue presented for review is whether the default clause of a contract for deed limits sellers to the remedy of termination of the contract.

On September 24, 1981, Mr. and Mrs. Belue sold an office building in Hardin, Montana, to Dr. and Mrs. Gebhardt, on a contract for deed. The Gebhardts moved from Hardin in 1983 and sold their interest in the contract to Richard Dorn and Fred Call, Sr. Mr. Dorn was a realtor. He rented the building until 1988, when he determined he could no longer make payments on the contract. Mr. Dorn assigned his interest in the contract to his cousin, Larry Dorn, who made one payment and then defaulted. The last payment the Belues received was in April 1988. On August 1, 1988, and again on August 26, 1988, they sent a notice of default to the Gebhardts and to Mr. Richard Dorn, Mr. Fred Call, and Mr. Larry Dorn. When the default was not cured, the Belues brought suit for the balance due under the contract. The District Court granted summary judgment in favor of plaintiffs, and defendants appeal.

Summary judgment is only appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Kronen v. Richter (1984), 211 Mont. 208, 211, 683 P.2d 1315, 1317. On appeal our standard of review is to determine whether the record reveals genuine issues of material fact, which would preclude the District Court from granting summary judgment.

2

Defendants' primary contention is that the default clause in the contract limits the plaintiffs' remedy to termination of the contract. They contend the District Court erred in granting plaintiffs a judgment on the balance due.

The default clause states in pertinent part:

11. DEFAULT
    Should any default of the purchasers hereunder remain incurred for more than twenty (20) days after written notice thereof to purchasers, then sellers may, at sellers' option, upon 5 days additional written notice to purchasers, declare the entire outstanding balance hereof with accrued interest thereon immediately due and payable, and upon non payment thereof, sellers may as an alternative to any other remedy terminate this agreement without further notice. In the event of such termination, purchasers agree on demand:

    (a) To surrender possession of said property and improvements thereon, immediately and peaceable:

    (b) To execute such instruments as the seller may require to evidence of record termination of this agreement and of purchasers' interest in such property and improvements, and sellers shall be entitled to retain all payments made hereunder as liquidated damages for the breach of this agreement and as a reasonable rental for the use of the property.

The District Court concluded that according to the language of the contract and this Court's holding in Glacier Campground v. Wild Rivers, Inc. (1978), 184 Mont. 543, 597 P.2d 689, plaintiffs were not limited to termination of the contract as their sole remedy. We agree. In accordance with the default provision, the sellers gave the initial 20-day written notice and in addition gave the 5-day additional written notice under which the sellers declared the entire outstanding balance with interest immediately due and payable. There is no dispute that the balance was properly

3

declared immediately due and payable.  The clause further provides that upon nonpayment of that balance the "sellers may as an _alternative_ to any other remedy terminate this agreement without further notice." (Emphasis added.)  The right to terminate is clearly a choice given to the sellers. There is no indication that termination is the only remedy. Termination is specifically stated to be an alternative to any other remedy.  The parties are bound by the plain meaning of the words of the contract where there is no ambiguity. Quinn v. Briggs (1977), 172 Mont. 468, 475-76, 565 P.2d 297, 301.

In _Glacier Campground_ this Court had occasion to consider the issue of whether the plaintiff was limited to a certain remedy.  We stated:

> In the absence of a contractual provision expressly limiting the remedy or remedies available, a party may pursue any remedy which law or equity affords, as well as the remedy or remedies specified in the contract.

_Glacier Campground_, 597 P.2d at 696.  We conclude that the language of the contract allows the plaintiffs an election of remedies.  In the present case, plaintiffs elected to sue on the balance due.

As an alternative argument, defendants contend that the notices of default led them to believe that the plaintiffs intended to merely terminate the contract.  They contend that the notices should have been specific as to the remedy which would be pursued.  No authority is cited for this proposition.  The language of the default notices follows the language of the contract for deed, in that it states that unless default is cured, plaintiffs may either declare payable the entire balance of principal and interest, or in the alternative, terminate the contract.  Accordingly, we conclude that

4

defendants' contention in regard to the default notices is meritless.

We conclude that defendants failed to raise any genuine issues of material fact, and the court was correct in its grant of summary judgment in favor of plaintiffs. We affirm the District Court's grant of summary judgment.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5