No. 92-295

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FRAZER EDUCATION
ASSOCIATION, MEA/FEA,

       Plaintiff and Respondent,

  v.

BOARD OF TRUSTEES, VALLEY COUNTY
ELEMENTARY SCHOOL DISTRICT NO. 2
and HIGH SCHOOL DISTRICT NO. 2B,

       Defendants and Appellants.

FILED

JAN 21 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial
District, In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          James D. Rector, Attorney at Law,
Glasgow, Montana

      For Respondent:

          Emilie Loring, Hilley & Loring,
Missoula, Montana

                Submitted on Briefs:  November 12, 1992

                        Decided:  January 21, 1993

Filed:

————————————————————
                Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff and respondent, Frazer Education Association (Union) brought suit in the District Court for the Seventeenth Judicial District, Valley County, against defendants and appellants, Trustees of the Valley County School District (School District). The Union filed suit to compel arbitration pursuant to the Uniform Arbitration Act found at § 27-5-101 through -324, MCA, and the terms of the collective bargaining agreement in effect at the time between the parties. The School District appeals from the District Court's judgment granting summary judgment to the Union. We affirm.

The only issue before the Court is whether the District Court erred in granting summary judgment.

In September 1990, former Frazer School Superintendent John Marlett recommended to the School District Board of Trustees that tenured teacher James Wheeler be dismissed pursuant to § 20-4-207, MCA. Following a hearing by the Board of Trustees on the Superintendent's recommendation, the Board dismissed Wheeler from his teaching position.

Wheeler filed a notice of appeal of his dismissal with the Valley County Superintendent of Schools pursuant to statute on December 21, 1990. On January 11, 1991, three days prior to the scheduled hearing, Wheeler requested a continuance. The hearing was reset for March 14, 1991. On January 16, 1991, the Union filed a grievance under the terms of the collective bargaining agreement

2

regarding Wheeler's dismissal. The Superintendent declined to process the Union's grievance in light of the pending statutory appeal and the Superintendent's interpretation of this Court's decision in City/County of Butte-Silver Bow v. State (1987), 225 Mont. 286, 732 P.2d 835.

Wheeler dismissed his statutory appeal on March 4, 1991, ten days prior to the scheduled hearing. On May 18, 1991, the Union filed this suit to compel arbitration of its previously filed grievance. Both parties filed motions for summary judgment in late 1991. Following a stay pending this Court's decision in Colstrip Faculty v. Rosebud County Trustees (1992), 251 Mont. 309, 824 P.2d 1008, the matter was submitted on briefs. The District Court heard oral argument by long distance telephone conference call regarding the motions for summary judgment. The District Court then filed a memorandum opinion and order granting the Union's motion for summary judgment and denying the School District's motion for summary judgment. The School District appeals.

The only issue before the Court is whether the District Court erred in granting summary judgment in favor of the Union.

A district court judge may grant summary judgment when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136; Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the initial burden of showing that there is a

3

complete absence of any genuine issue of material fact. To satisfy this burden, the movant must make a clear showing as to what the truth is so as to exclude any real doubt as to the existence of any genuine issue of material fact. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476. Summary judgment is never an appropriate substitute for a trial if a factual controversy exists. Reeves v. Reinbold (1980), 189 Mont. 284, 615 P.2d 896. Upon reviewing a grant or denial of a motion for summary judgment, this Court applies the same standard as the district court.

The question before the District Court was whether a union may pursue a grievance to arbitration under the terms of a collective bargaining agreement, even though one of its members may have sought remedy by initiating a distinct statutory appeal process. This is essentially the same issue that was before this Court in the Colstrip case. However, in Colstrip we did not reach this issue as the case was decided on narrower procedural grounds.

The School District concedes that upon dismissal Wheeler had two distinct avenues for remedy. The School District argues that upon dismissal Wheeler could either have initiated a statutory appeal process seeking remedy or he could have filed a grievance pursuant to the collective bargaining agreement. However, the School District contends that upon Wheeler's selection of the statutory appeal process, the Union was then barred by the equitable doctrine of election of remedies from subsequently pursuing a remedy pursuant to the collective bargaining agreement.

4

The Union argues that election of remedies does not apply in this case and that Wheeler and the Union were both free to pursue a remedy by proceeding concurrently with both avenues of appeal. The Union argues in the alternative that by dismissing the statutory appeal Wheeler was not proceeding concurrently with the Union. The School District responds by arguing that the election of remedies doctrine applies despite the dismissal of the statutory appeal, thus foreclosing the Union from proceeding under the collective bargaining agreement. The District Court granted summary judgment in favor of the Union on the basis that election of remedies did not apply. Additionally, the District Court based its decision on the fact that Wheeler had dismissed his statutory appeal and that, therefore, there were not two concurrent appeals proceeding at the same time.

The School District relies heavily on this Court's decision in Butte-Silver Bow. In Butte-Silver Bow, we held that a police officer's only remedy to contest a decision to terminate him was by the applicable statutory procedure. The police officer had attempted to concurrently pursue remedies under the statute and the collective bargaining agreement. In Butte-Silver Bow, we noted the possibility that two concurrent proceedings could result in conflicting and contradictory holdings. However, that potential problem was not the basis for our holding. Our decision in Butte-Silver Bow was based on the determination that the collective bargaining agreement in effect only provided for a statutory remedy. Election of remedies was not an issue because the officer,

5

unlike Wheeler in the present case, had only one option available and that was to proceed by seeking a statutory remedy. The School District argues that Wheeler's situation is similar to that of the police officer and that Butte-Silver Bow should govern in this situation. This argument is inconsistent with the School District's concession that upon dismissal Wheeler could select to seek remedy by either a statutory appeal or by filing a grievance under the collective bargaining agreement. Butte-Silver Bow is readily distinguishable from the present case and the School District's reliance upon it is misplaced.

The School District argues that if the doctrine of election of remedies is not applied in this case that it will be unduly burdened in having to defend against two simultaneous proceedings. Additionally, there is the possibility of two conflicting results. The Union counters by arguing that collective bargaining agreements can and do contain provisions for limiting an employee and a union to one avenue of appeal only. The collective bargaining agreement between the parties in this case, however, contains no such provision. The Union asserts that the School District is now attempting to secure a restriction of remedies through the use of the equitable doctrine of election of remedies, which it was unable to obtain at the bargaining table.

Wheeler had two options upon dismissal. Nothing in the collective bargaining agreement restricts the availability of these options. The only question is whether he was required by the doctrine of election of remedies to select one option and thus

6

abandon the other. This Court has previously recognized the election of remedies doctrine. Massett v. The Anaconda Company (1981), 193 Mont. 131, 630 P.2d 736. Both parties agree that there are three determining factors in applying the election of remedies doctrine. All three criteria must be satisfied before the doctrine of election of remedies may be successfully invoked. These factors are:

1. The existence of two or more remedies;

2. an inconsistency between such remedies; and

3. a choice of one of them.

25 Am. Jur. 2d Election of Remedies § 8 (1966).

The Union's initial attack of the application of election of remedies in this situation rests on the contention that there are different parties seeking the remedy in this situation. The Union, in attempting to distinguish Butte-Silver Bow, points out that in Butte-Silver Bow it was the same party seeking concurrent remedies and not two distinct parties. The Union also argues that not only are the parties different, but the Union is attempting to protect different rights, although the remedy sought is the same. The Union and Wheeler both seek the same remedy, but the Union is motivated in part by its desire to enforce and protect the collective bargaining agreement. The District Court found that the parties were not identical and this determination served in part as a basis for the District Court's decision that election of remedies did not apply.

7

The School District argues in its brief "that both actions have been brought by the same party to resolve the same issues." The School District argues that in Palmer v. City of Oakland (Cal. Ct. App. 1978), 86 Cal. App. 3d 39, 150 Cal. Rptr. 41, the California Court of Appeals, in a similar situation found that certain union member employees and the union were in privity and should, therefore, be treated as if they were the same party. While supportive of the School District's contention that the parties in this case should be treated as if they were identical, the Palmer case does not further the School District's argument concerning election of remedies. Election of remedies was not an issue in Palmer. In Palmer, the union members had entered into a stipulation in regard to certain litigation and the union subsequently attempted to take a contrary position in later related litigation. The California Appeals Court, finding that the union members and the union were in privity, did not allow the union to assert a position contrary to the position taken earlier by the union members. In this case, we need not determine if the parties are in privity and should be treated as if they were the same party, because in any event the doctrine of election of remedies does not apply.

The first criteria of election of remedies is clearly satisfied in this case. There were two distinct remedies available to Wheeler upon dismissal. The satisfaction of the third criteria is disputed by the parties. The Union contends that Wheeler did not make an exclusive election of any remedy because he dismissed

8

his statutory appeal. The School District argues that his abandonment of the remedy did not revoke his election. The District Court appears to have given considerable weight to the fact that Wheeler abandoned his statutory appeal. However, this Court need not determine if Wheeler's initiation of a statutory appeal and his subsequent dismissal of that appeal constituted an irrevocable election of that remedy because the second criteria necessary for application of the election of remedies is clearly not satisfied in this case.

The second criteria which must be met in order to apply the doctrine of election of remedies is that the available remedies must be inconsistent. The doctrine may be successfully invoked:

> [W]here there are two or more coexistent remedies available to the litigant at the time of the election which are repugnant and inconsistent. This rule is upon the theory that, of several inconsistent remedies, the pursuit of one necessarily involves or implies the negation of the others. The rule of irrevocable election does not apply where the remedies are concurrent or cumulative merely, or where they are for the enforcement of different and distinct rights or the redress of different and distinct wrongs.

25 Am. Jur. 2d Election of Remedies § 10 (1966).

The Union has argued that in seeking its remedy it is attempting to enforce a different and distinct right than is Wheeler. If this Court were to accept that argument, then the election of remedies doctrine would not apply. However, it is not necessary to make that determination in this case as it is clear that the remedies sought are consistent and merely cumulative.

9

Both parties seek the same remedy. In attempting to determine if the remedies are inconsistent it has been said that:

> [T]he so-called "inconsistency of remedies" is not in reality an inconsistency between the remedies themselves, but must be taken to mean that a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy. For one proceeding to be a bar to another for inconsistency, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. Two modes of redress are inconsistent if the assertion of one involves the negation or repudiation of the other. In this sense, inconsistency may arise either because one remedy must allege as fact what the other denies, or because the theory of one must necessarily be repugnant to the other.

25 Am. Jur. 2d Election of Remedies § 11 (1966).

The School District argues at one point in its brief that the Union, who allegedly is in privity with Wheeler, is seeking an inconsistent remedy. This position is contradicted by the argument elsewhere in its brief that the two proceedings should not be allowed because they are duplicative, seek a resolution of the same issue, and are asking for the same remedy. The two remedies sought are not inconsistent. While a duplication of hearings ought to be avoided when possible, there is nothing in the collective bargaining agreement nor the law of election of remedies which precludes concurrent proceedings in this situation.

The judgment of the District Court is affirmed.

_____
Justice

10

We concur:

_____
Chief Justice

_John Conway Harrison_

_P.C. McDonough_

_Tony Trieweiler_

_____

_____
Justices

11

Chief Justice J. A. Turnage specially concurring:

I concur with the result the majority has reached in this case but not for all of the reasons stated.

I concur in the result because James Wheeler dismissed his statutory appeal to the Valley County Superintendent of Schools and, therefore, he had but one remaining remedy available under the terms of the collective bargaining agreement in his suit to compel arbitration of his filed grievance. The majority opinion discussion of election of remedies is not now appropriate because of the dismissal of the statutory appeal.

The district judge's reliance in part upon the fact of such dismissal is appropriate and should be the basis for the decision of the majority in this case.

_____
Chief Justice

Justice Karla M. Gray and Justice Fred J. Weber, specially concurring:

We concur in the special concurring opinion of Chief Justice Turnage.

_____
Justices

12

January 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James D. Rector
RECTOR & HICKEL
P.O. Box 1360
Glasgow, MT 59230

EMILIE LORING
Attorney at Law
500 Daly Avenue
Missoula, MT 59801


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy