

DA 11-0595

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 121

KAUFMAN BROTHERS,

       Plaintiff and Appellant,

   v.

HOME VALUE STORES, INC., PACIFIC
GALLERIES, LLD, and LARRY LI,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and For the County of Yellowstone, Cause No. DV 10-1937
                   Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Thomas E. Towe, Michael C. Doggett; Towe, Ball, Enright, Mackey &
              Sommerfeld, P.L.L.P.; Billings, Montana

       For Appellee:

              P. Bruce Harper, Michelle R. Lee; Harper Law Firm; Billings, Montana

                           Submitted on Briefs:  March 28, 2012

                                   Decided:  June 5, 2012

Filed:

                               _____
                                       Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Plaintiffs/Appellants, Kaufman Brothers (Kaufmans), appeal from the order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to Defendants/Appellees Home Value Stores, Inc., et al. (Home Value) on Kaufmans' claims under the parties' contract for deed. We affirm. We address the following issue:

¶2     *Did the District Court err by holding that Kaufmans' election to terminate the parties' contract for deed and retake possession of the property precluded a subsequent action for breach of contract against Home Value?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Kaufman Brothers is a partnership consisting of brothers Roy and George Kaufman, which owned a commercial building in Billings. Home Value Stores, Inc., the primary Defendant, operates retail stores across the country. Kaufmans and Home Value entered into a contract for deed[1] (Contract) for the sale and purchase of Kaufmans' building. After making the down payment and monthly payments for almost two years, Home Value discontinued making payments and failed to pay property taxes as required by the Contract. Kaufmans issued a notice of default in December of 2008, notifying Home Value it had 30 days to cure these contract failures. When Home Value failed to do so, Kaufmans issued a notice of acceleration declaring the remaining balance owed under the Contract with accrued interest immediately due and payable. When payment was not forthcoming within 30 days of the notice of acceleration, Kaufmans obtained Home Value's quit claim deed from escrow, recorded it, retook possession of the

---

[1] *See Glacier Campground v. Wild Rivers, Inc.*, 182 Mont. 389, 597 P.2d 689 (1978) (generally discussing "land sale contracts, or contracts for deed as they are commonly called in this state").

building, and resold the property. As Kaufmans stated in their later complaint, "the Contract was considered terminated."

¶4    The Kaufmans filed suit against Home Value for breach of contract, alleging they had not been made whole and were entitled to damages for Home Value's failure to pay taxes, damage done to the building by lack of repairs and maintenance, for fixtures taken from the building, attorney fees in preparing the default and acceleration notices, sale expenses, and interest. Home Value moved for summary judgment, arguing that because Kaufmans chose to terminate the Contract, take possession, and retain Contract payments as liquidated damages rather than sue for the accelerated balance and additional damages under the Contract, their breach of contract action was precluded under the election of remedies doctrine.

¶5    The District Court initially denied Home Value's motion for summary judgment but revisited the issue upon Home Value's motion for reconsideration, granting summary judgment in favor of Home Value. Kaufmans appeal.

## STANDARD OF REVIEW

¶6    Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file," along with any affidavits demonstrate that no genuine issue exists as to any material fact and that the party moving for summary judgment is entitled to judgment as a matter of law. Rule 56(c), M. R. Civ. P. We review a district court's grant or denial of summary judgment de novo, applying the same criteria as the district courts. *Estate of Richerson*, 2011 MT 266, ¶ 7, 362 Mont. 324, 264

3

P.3d 1087 (citing *Modroo v. Nationwide Mut. Fire Ins. Co.*, 2008 MT 275, ¶ 19, 345 Mont. 262, 191 P.3d 389). We review the District Court's interpretation of a contract for correctness. *Richerson*, ¶ 7 (citing *Giacomelli v. Scottsdale Ins. Co.*, 2009 MT 418, ¶ 14, 354 Mont. 15, 221 P.3d 666).

## DISCUSSION

¶7 *Did the District Court err by holding that Kaufmans' election to terminate the parties' contract for deed and retake possession of the property precluded a subsequent action for breach of contract against Home Value?*

¶8 The pertinent language of the Contract is as follows:

12. **Default**: Should any default of Purchaser hereunder remain uncured for more than thirty (30) days after written notice thereof, Sellers may, without further notice or period of grace:

a. Use any appropriate remedy to enforce compliance with the provisions of this agreement and to enforce collection from Purchaser of any amounts due Sellers, without accelerating the maturity of the unpaid balance or terminating the agreement, all without prejudice to the privilege of Sellers to subsequently accelerate the maturity of the balance or to terminate the agreement; **or** (Emphasis added.)

b. Declare the entire unpaid principal balance with accrued interest thereon immediately due and payable, and upon nonpayment thereof after thirty (30) days' notice to Purchaser of said acceleration, Sellers may enforce collection of the total amount then due and payable in any appropriate manner by any available remedy, **or** terminate this agreement, retaining all payments made by Purchaser as liquidated damages for breach of this agreement. (Emphasis added.)

. . .

25. **Waiver**: The waiver of any breach of this contract by either party shall not constitute a continuing waiver or a waiver of any subsequent breach, either of the same or another provision of this contract. All remedies afforded in this contract shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

4

¶9 Kaufmans argue that the District Court erred in holding that the Contract effectively limited their remedies. Responding to Home Value's argument that the "or" in Paragraph 12(b) can mean only one thing—that Kaufmans could either enforce the Contract by collecting the accelerated amount due "or" terminate the Contract and retain the payments as liquidated damages, but not both—Kaufmans argue that "[t]he use of the word 'or' in this paragraph does not mean the Kaufmans are entitled to one or the other but not both . . . . Such a restrictive interpretation is inconsistent with the plain meaning of the language."

¶10 "The construction and interpretation of a contract are questions of law." *Richards v. JTL Group, Inc.*, 2009 MT 173, ¶ 14, 350 Mont. 516, 212 P.3d 264 (citation omitted). A contract is to be interpreted to "give effect to the mutual intention of the parties as it existed at the time of contracting . . . ." Section 28-3-301, MCA. "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." Section 28-3-401, MCA.

¶11 The first sentence of Paragraph 12 states that after notice of default has been given, and the default has remained uncured for more than 30 days, the sellers may choose the course of action listed in Paragraph 12(a) or the course of action listed in Paragraph 12(b). Kaufmans provided notice of acceleration of the balance due under Paragraph 12(b), and after 30 days had lapsed without payment, they could then either (1) "enforce collection of the total amount then due and payable in any appropriate manner by any available remedy, *or*" (emphasis added) (2) "terminate this agreement,

retaining all payments made by Purchaser as liquidated damages for breach of this agreement." Kaufmans chose the second option under 12(b), terminating the contract and retaining all payments made by Home Value as liquidated damages for its breach.

¶12 Under the plain language of this provision, Kaufmans could do one or the other, but not both. Kaufmans' argument that the "or" used within Paragraph 12(b) does not contractually preclude them from pursuing "both" remedies is not persuasive as a matter of plain meaning, but particularly so in light of our precedent. Our cases have meticulously scrutinized the default provisions at issue in land contract cases. *See Clark v. Am. Developing & Mining Co*., 28 Mont. 468, 72 P. 978 (1903); *White v. Jewett*, 106 Mont. 416, 78 P. 85 (1938); *Glacier Campground*, 182 Mont. 389, 597 P.2d 689; *SAS Partn. v. Schafer*, 200 Mont. 478, 653 P.2d 834 (1982); and *Belue v. Gebhardt*, 240 Mont. 358, 784 P.2d 396 (1989). We have noted that use of "the conjunctive 'and' rather than the disjunctive 'or'" within a default provision is significant. *Glacier Campground*, 182 Mont. at 398, 597 P.2d at 694. Generally, "[w]here a contract specifically provides that the remedies enumerated therein shall be the only course of settlement thereunder, a party to it is limited to the remedies provided therein." *Glacier Campground*, 182 Mont. at 403, 597 P.2d at 696-97 (citing *Wing v. Brasher*, 59 Mont. 10, 194 P. 1106 (1921) (quotation omitted)).

¶13 Kaufmans further argue that the Contract does not contain language expressly restricting them to one remedy but instead includes a provision within Paragraph 25 making all remedies "afforded in" the Contract and provided by law, cumulative.

6

Kaufmans reason that the option language under Paragraph 12 must be read in conjunction with the cumulative remedies language in Paragraph 25. They argue that "a vendor's election to retake the property does not prohibit the vendor from maintaining an action against the vend[ee] for actual damages caused during a vendee's occupation of the premises even if he elects to retake the property and keep all the installment payments." Kaufmans also cite to our statement in *Glacier Campground* that "[i]n the absence of a contractual provision expressly limiting the remedy or remedies available, a party may pursue any remedy which law or equity affords, as well as the remedy or remedies specified in the contract." *Glacier Campground*, 182 Mont. at 403, 597 P.2d at 696.

¶14 Assuming *arguendo* that Kaufmans' cumulative remedy argument is viable as a matter of contract interpretation, any further remedy that Kaufmans would seek must also be permitted by law. *Glacier Campground*, 182 Mont. at 403, 597 P.2d at 696 ("a party may pursue any remedy *which law or equity affords*") (emphasis added). The District Court held that the Kaufmans' termination of the Contract and retention of Home Value's contract payments as liquidated damages was an election of remedies, which precluded their claim for actual damages as a matter of law.

¶15 "When a party having knowledge of the facts makes an election between inconsistent remedies, the election is final and bars any action, suit, or proceeding inconsistent with the elected remedy, in the absence of fraud by the other party." 25 Am. Jur. 2d *Election of Remedies* § 6 (2004). When determining whether the election of

7

remedies doctrine bars relief, we consider whether the following three criteria have been satisfied: (1) the existence of two or more remedies, (2) an inconsistency between such remedies, and (3) a choice of one of them. *Frazer Educ. Assn. v. Bd. of Trustees*, 256 Mont. 223, 227, 846 P.2d 267, 270 (1993) (citing 25 Am Jur. 2d *Election of Remedies* § 8 (1966)).

¶16   The Contract provided Kaufmans with three optional remedies, one under Paragraph 12(a) to enforce compliance with the Contract and obtain collection without accelerating the balance due, and the two options under Paragraph 12(b) discussed above. The first criterion is thus satisfied. Under the third criterion, the Kaufmans chose to terminate the contract, retain Home Value's payments as liquidated damages, retake possession of the property, and sell it. "It is well settled in Montana that an election exists only when a remedy is pursued to a final conclusion." *Midfirst Bank v. Ranieri*, 257 Mont. 312, 848 P.2d 1046 (1993) (citing *Glacier Campground*, 182 Mont. at 401, 597 P.2d at 695; *St. ex. rel Crowley v. Dist. Ct.*, 108 Mont. 89, 96, 88 P.2d 23, 26 (1939)). Kaufmans pursued this remedy to a final conclusion.

¶17   Regarding the second criterion, our precedent includes a long line of authority precluding the pursuit of inconsistent remedies under a contract for deed. "The remedy of the vendor by way of cancellation of a contract and the continued liability of the purchaser for the purchase money, whether past due or not, are totally inconsistent . . . ." *Adamczik v. McCauley*, 89 Mont. 27, 36, 297 P. 486, 488 (1931) (citations omitted). "The general rule is that 'if the vendor exercises his option to declare the contract at an

8

end, he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase price. The remedy of the vendor by way of cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent.'" *Edwards v. Muri*, 73 Mont. 339, 351, 237 P. 209, 213 (1925). In *Glacier Campground*, we cited the holding in *Security-First Natl. Bank of L.A. v. Hauer*, 47 Cal.App.2d 302, 117 P.2d 952 (1941), to reaffirm this principle:

> Upon the breach of any covenant by the vendees under a conditional sales agreement, plaintiffs are entitled to invoke either of two remedies: (1) to affirm the contract and sue for the balance of the purchase price, or (2) to terminate the contract, retain the money paid on the purchase price and repossess the property. [Citation omitted.] These remedies are inconsistent and the election of one precludes the right to exercise the other.

*Glacier Campground*, 182 Mont. at 402, 597 P.2d at 696 (citing *Security-First*, 47 Cal.App.2d at 306, 117 P.2d at 954).

¶18 Kaufmans distinguish recovery of the purchase price after contract termination from their claim to recover waste and unpaid taxes. "[S]etting aside Home Value Stores' argument that an action for the recovery of installment payments is inconsistent with retaking possession of the property under the Contract for Deed," Kaufmans argue, "there is no inconsistency in retaking possession of the property and filing a Complaint for damages and waste to the property committed by Home Value Stores while they were in possession of the property." Kaufmans add that "[i]t is not inconsistent for a vendor to recover damages when the purchaser caused the breach and damages, many of which were self-concealing" and argue that such a remedy is necessary for them to be made

9

whole. For authority, Kaufmans offer *Meyer v. Hansen*, 373 N.W.2d 392 (N.D. 1985), a contract for deed case that held that "[a] provision for liquidated damages will not prevent recovery for actual damages for events which are not covered by the liquidated damages clause, unless the contract expressly provides that damages other than those enumerated shall not be recovered." *Meyer*, 373 N.W.2d at 395 (citations omitted).

¶19    We have not previously adopted the principle stated in *Meyer* but, in any event, its application here would necessarily defeat Kaufmans' position. *Meyer* held that termination of the contract for deed and repossession of the property would not preclude recovery for actual damages "not covered by the liquidated damages clause." *Meyer*, 373 N.W.2d at 395. The clause at issue in *Meyer* provided that liquidated damages would serve only to compensate the seller for the buyer's "use and occupation of the premises," and thus the seller was permitted to bring an action for damages inflicted on the property by the buyer. *Meyer*, 373 N.W.2d at 394. In contrast, the provision at issue here was not so limited. It provided that liquidated damages would broadly compensate Kaufmans "for breach of this agreement." The liquidated damages clause in the subject Contract compensates Kaufmans for all damages caused by Home Value's breach of the Contract, including failure to pay taxes or properly maintain the property.

¶20    Thus, Kaufmans' claims for damages for breach of contract fall within the long-stated general rule that "[u]pon the breach of any covenant by the vendees under a conditional sales agreement, plaintiffs are entitled to invoke either of two remedies," which are inconsistent. *Glacier Campground*, 182 Mont. at 402, 597 P.2d at 696

10

(citation omitted). Kaufmans elected the second remedy, to "terminate the contract, retain the money paid on the purchase price and repossess the property," *Glacier Campground*, 182 Mont. at 402, 597 P.2d at 696 (citation omitted), and that election, under the contract provisions at issue, precludes the additional relief sought here.[2]

¶21     The District Court is affirmed.


/S/ JIM RICE

We concur:


/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER

---

[2] Although unnecessary to our resolution of this matter, we note our holding in *Edwards*, 73 Mont. at 351, 237 P. at 213, regarding the recovery of unpaid real estate taxes and interest following termination of a contract for deed: "It is suggested [by plaintiffs] that there is a difference between seeking to recover for installments on the purchase price and for taxes paid by the vendor and interest past due; but this question has been definitely disposed of in this state contrary to the contention of plaintiffs on this subject," citing and discussing *De Young* v. *Benepe*, 55 Mont. 306, 176 P. 609 (1918).