NEWMAN, APPELLANT, *v.* DUNLEAVY ET AL., RESPONDENTS.

(No. 3,534.)

(Submitted May 13, 1915. Decided June 21, 1915.)

[149 Pac. 970.]

*Real Estate Brokers—Right to Commission—Agency—Revocation—Statute of Frauds—Burden of Proof—Evidence.*

Real Estate Brokers—Action for Commission—Agency—Revocation.
1. Where, in an action to recover a five per cent commission on the sale price of real estate under a contract of indefinite duration, plaintiff's agency was not coupled with an interest and he had not procured a purchaser ready, able and willing to buy, and his efforts to that end were not approaching success, the agency was revocable at the will of the principal.

[As to revocation of power of attorney, see note in 110 Am. St. Rep. 855. As to when commissions are earned, see notes in 28 Am. St. Rep. 546; 139 Am. St. Rep. 225.]

Same—Statute of Frauds—Burden of Proof.
2. Plaintiff in an action to recover a broker's commission for procuring a purchaser for real property has the burden of showing such a contract as would be valid under the statute of frauds (Rev. Codes, section 5017), providing that an agreement authorizing an agent to sell real estate for a commission must be in writing.

[As to validity of statute requiring contract providing for commission for sale of realty to be in writing, see notes in Ann. Cas. 1913C, 727; 33 L. R. A. (n. s.) 973. As to right of real estate broker to recover commissions under oral contract of employment where statute requires written contract, see notes in Ann. Cas. 1915A, 1133; 9 L. R. A. (n. s.) 933.]

Same—Evidence—Inadmissibility.
3. In the above action, evidence as to time and money expended in finding a purchaser ready, willing and able to buy was irrelevant, where plaintiff failed to show that, when his agency was revoked, he had practically completed a sale, or that his efforts to do so were approaching success.

*Appeal from District Court, Broadwater County; John A. Matthews, Judge.*

ACTION by C. C. Newman against John Dunleavy and Anthony Dunleavy, copartners doing business as Dunleavy Bros. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Galen & Mettler,* for Appellant, submitted a brief; *Mr. Frank W. Mettler* argued the cause orally.

Although the owner reserves the right to sell the property himself, the mere fact that he has given a prospective purchaser

an option on the property, subject to revocation by either party at any time, does not relieve him of liability for a commission, if the broker has found a customer ready, able and willing to buy on the owner's terms. (*York* v. *Nash,* 42 Or. 321, 71 Pac. 59.) If the broker furnishes a purchaser, the owner is liable for a commission, even though he refuses or fails to make the sale, or places himself in a position where he cannot do so. (*Carlin* v. *Lifur,* 2 Cal. App. 590, 84 Pac. 292.) A broker is entitled to his commission when he has produced a purchaser upon the terms stated in the contract of employment within the time limited. (*Leventritt* v. *Cowell,* 21 Cal. App. 597, 132 Pac. 627; *Oullahan* v. *Baldwin,* 100 Cal. 648, 35 Pac. 310; *Shober* v. *Blackford,* 46 Mont. 194, 127 Pac. 329; *Childs* v. *Ptomey,* 17 Mont. 502, 43 Pac. 714; *Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949.) There is also presented the question of whether the purported notice by defendants to plaintiff was reasonable and whether it was given in good faith, and these are questions for the jury. (19 Cyc. 192, note 97; Gross on Real Estate Brokers, secs. 83–85.) The question of good faith in the giving of such notice is certainly affected by testimony showing the continued dealings and negotiations of the respective parties, the same after the giving of such notice as before.

In an action by a broker for compensation, any competent evidence is admissible in behalf of plaintiff or defendant, as the case may be, which tends to prove or disprove plaintiff's employment. (19 Cyc. 282, note 57.)

The fact that defendants continued to recognize plaintiff as their agent after the alleged revocation of authority was competent evidence. (*Shober* v. *Blackford,* 46 Mont. 194, 211, 127 Pac. 329.)

*Mr. Odell W. McConnell,* for Respondents, submitted a brief and argued the cause orally.

A recovery cannot be had for a commission upon the sale of real estate where the agent or broker did not have a written contract. Section 5017 of the Revised Codes is plain and ex-

plicit. (See *Marshall* v. *Trerise,* 33 Mont. 28, 81 Pac. 400; *King* v. *Benson,* 22 Mont. 256, 56 Pac. 280; *Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949.) The burden is on the plaintiff, in an action for the breach of a contract or to recover commissions in a case of this kind, to establish by a preponderance of the evidence that a valid contract under the statute was entered into between the parties. (*Brophy* v. *Idaho Produce etc. Co.,* 31 Mont. 279, 78 Pac. 493.)

A contract for the sale of land must be in writing and describe the lands sold. Where there is no description of the land, it is not sufficient under the statute. (29 Am. & Eng. Ency. Law, 848, 866; *Ferguson* v. *Staver,* 33 Pa. St. 411; *Hollis* v. *Burgess,* 37 Kan. 487, 15 Pac. 536; *Taylor* v. *Allen,* 40 Minn. 433, 42 N. W. 292; *Blair* v. *Snodgrass,* 33 Tenn. 1; *Hudson* v. *King,* 49 Tenn. 560; *Wood* v. *Orr.* 30 Pitts. Leg. J. 416; *Parish* v. *Koond,* 1 Pars. Eq. Cas. 78; *Whelan* v. *Sullivan,* 102 Mass. 204; *Alpena Lumber Co.* v. *Fletcher,* 48 Mich. 555, 12 N. W. 849; *Weil* v. *Willard,* 55 Mo. App. 376.)

The alleged option is not signed by the parties to be charged. It is not signed by John Dunleavy and Anthony Dunleavy, but is signed by Dunleavy Brothers. The real option, if such it can be considered, is not signed by anyone, but only has the initials "D. B." appended thereto. "To make a contract for the sale of real estate valid, it must be in writing and signed by all the owners, or by some person lawfully authorized to sign their name." (*Frazer* v. *Ford,* 39 Tenn. 464; *Anderson* v. *Harold,* 10 Ohio, 399; *Newby* v. *Rogers,* 40 Ind. 9.) No price is mentioned in the alleged option. The note or memorandum must furnish evidence of price, and the failure to mention the price for the lands in the memorandum makes the instrument void under the statute of frauds. (29 Am. & Eng. Ency. Law, 868; *Ide* v. *Stanton,* 15 Vt. 685, 40 Am. Dec. 698; *Phelps* v. *Stilling,* 60 N. H. 505.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover $2,250, alleged to be due as broker's commission for procuring a purchaser for real

and personal property which defendants owned and desired to sell. The complaint counts upon a written contract of employment dated September 25, 1911, and alleges that on or about May 20, 1912, plaintiff procured a prospective purchaser who was ready, able and willing to buy the property at the agreed price and upon defendants' terms. The answer is substantially a general denial and an affirmative plea that defendants gave the plaintiff an option to purchase their property within a limited time; that he failed to purchase or procure a purchaser within the time allowed in the option; and that, when he did furnish a prospective buyer, the option had expired, and plaintiff was not then in the employ of defendants in any capacity whatever. There was not any reply, and, upon the trial of the issues thus framed, a nonsuit was granted. From a judgment rendered and entered in favor of defendants, plaintiff has appealed.

1. To establish the contract sued upon, plaintiff introduced in evidence certain correspondence as follows:

(a) A letter of June 19, 1911, inquiring of defendants the terms upon which they would sell their property.

(b) A letter of June 26 from defendants, in which they stated their terms as $50,000, one-half cash and the balance in ten years.

(c) A letter by plaintiff to defendants, dated June 27, 1911, in which it was made to appear that plaintiff was seeking the property for another and not for himself, and that an option was not desired at that time.

(d) A letter dated September 25, 1911, as follows:

"Mr. Newman, Helena—

"Dear Sir: This is a good time to get a buyer for the ranch. There may be some one at the fair.

"Dunleavy Bros.

"P. S. If you make the deal you get five per cent.

"D. B."

There was also introduced as part of plaintiff's cross-examination:

(e) A letter received by plaintiff from defendants in due course of mail, as follows:

"Helena, Montana, October 26, 1911.

"C. C. Newman, Helena, Montana—

"Dear Sir: This is to notify you that your option to sell my ranch and property will expire on Wednesday, the first day of November, 1911, at twelve o'clock noon, and unless you furnish a purchaser for the same and the deal is closed before that date, you will receive no commission from me on the sale.

"Yours truly,

"DUNLEAVY BROS."

(f) A letter dated December 21, 1911, and received by the plaintiff in due course of mail, as follows:

"C. C. Newman, Helena, Montana—

"Dear Sir: I sold to-day, seventy-five head of my cattle. In reference to the sale of the balance of my cattle and the sale of my lands, I would state that they are still for sale, and the first purchaser who comes and pays my price will be the first one served. My property is for sale, but I will not tie it up by any contract giving an exclusive right to sell or buy.

"Yours truly,

"DUNLEAVY BROS."

(g) A proposed option prepared by the plaintiff, but which defendants refused to sign.

(h) A proposed option prepared by defendants, dated May 24, 1912, which plaintiff refused to sign, or at least which was not signed by any one of these parties.

(i) A letter received by plaintiff from defendants on May 28, 1912, dated the same day, as follows:

"Mr. C. C. Newman, Helena, Montana—

"Dear Sir: As you failed to pay the $2,000 yesterday, upon the ranch deal we had, you are hereby notified that all pending negotiations are at an end, and you will please return me the abstract of the property furnished you.

"Yours truly,

"DUNLEAVY BROTHERS.

"Mr. C. C. Newman: Return abstract to Mr. McConnell office.

"Yours truly,

"DUNLEAVY."

On redirect examination the plaintiff offered in evidence:

(j) An answer to defendants' letter of September 25, 1911.

(k) An answer to their letter of October 26, 1911.

(l) An answer to their letter of May 28, 1912.

The deposition of John R. King was read to the jury, to the effect that on the last day of May, or the first day of June, 1912, he went to the Dunleavy ranch with plaintiff, saw the real property and a portion of the personal property, and then and there expressed his willingness to make the purchase upon defendants' terms. The oral testimony of plaintiff details his efforts to interest prospective purchasers in defendants' property and his final success with the witness King. He offered also to show that defendants knew of his efforts and acquiesced therein; that when they wrote the letter of October 26, 1911, they also knew that plaintiff had then expended considerable time and money in his work; and finally that he did not consent to the withdrawal of his authority. The answer to defendants' letter of September 25, 1911, and his offered oral testimony above, were excluded. The foregoing fairly epitomizes the record before us.

It is insisted that the evidence produced in the trial court [1] establishes an offer by defendants of five per cent commission on the sale price of their property for a purchaser produced by plaintiff who was ready, able and willing to buy, an acceptance of that offer by plaintiff, and the production on his part of a purchaser who met the conditions imposed in the offer. For the purpose of this argument, we may concede that appellant's premises above are established; but, even so, the conclusion that he thereby made out a *prima facie* case does not follow. He concedes in his testimony that, whatever the character of his employment, he did not have any exclusive agency for the sale of defendants' property. If the letter of September 25, 1911, read in connection with the negotiations which pre-

ceded it, and plaintiff's acceptance of the offer, constituted a contract of employment, it was one of indefinite duration. Plaintiff's agency was not coupled with an interest in the subject matter, and, when the letter of October 26, 1911, was received by him, he had not found a purchaser ready, able and willing to buy, and his efforts to that end were not approaching success. Indeed, he does not claim that he found such purchaser until the last of May or first of June of the following year. The record negatives the idea that on November 1, 1911, he had Mr. King under consideration as a prospective purchaser. Under these circumstances the agency was revocable at the will of the principal, whether the agent consented or not. (Sec. 5460, Rev. Codes.)

In *Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949, on rehearing, we said: "As between the principal and agent, the authority of the agent may be revoked at any time. The relation of principal and agent is a personal one; and, if the principal does not care longer to repose trust in the agent, the law will not compel him to do so." It was competent for the defendants to prescribe a limit upon the time during which plaintiff's employment might continue, and, upon his failure to meet the requirements thus imposed, his agency terminated automatically at noon on November 1, 1911. The record is barren of anything to indicate recall of the revocation. The letter of December 21, 1911, informed the plaintiff of a sale of a portion of the personal property, and that the land and remaining stock were still for sale, but to the first purchaser who appeared, willing to pay the price. The attempt by plaintiff later to secure an option, and the failure upon the part of himself and the defendants to agree upon terms, indicate further that no contract relationship then existed between them. But, even if there was a recognition of some sort of authority in plaintiff, it was distinctly repudiated and withdrawn by the letter of May 28, 1912. This letter was received by plaintiff on the same day and before Mr. King had examined the property.

In our judgment, however, all of the negotiations subsequent to November 1, 1911, are immaterial to a decision of the question before us. Our statute of frauds provides, among other things: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: * * * 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation, or a commission." (Rev. Codes, sec. 5017.) Plaintiff relied upon the letter of September 25, 1911, and the correspondence which preceded it, to constitute his contract of employment. He does not contend that any other agreement in writing was ever in force between him and the defendants; and since that contract was revoked on November 1, 1911, any understanding which he may have had with defendants thereafter would not furnish a basis for the present action. Plaintiff had to assume the burden of showing that, at the time he produced a purchaser ready, able and willing to buy upon defendants' terms, there was then an existing contract of employment between himself and the defendants, such as would be valid under the statute of frauds above. (*Brophy* v. *Idaho Produce & P. Co.*, 31 Mont. 279, 78 Pac. 493.) This he failed to do, and the nonsuit followed as of course.

In excluding plaintiff's reply to defendants' letter of September 25, 1911, and the offered oral evidence as to the time and money expended in the pursuit of his employment the trial court did not err. The offered letter does not contain an acceptance of defendants' offer; but, even if it did, its exclusion would only amount to error without prejudice. Plaintiff did accept the offer, and his acceptance was known to, and acquiesced in by, defendants, who treated him as their agent in their letter of October 26 following. The offered evidence of [3] time spent and money expended could only become material in connection with proof that, at the time of the revocation of his authority, plaintiff had practically completed a sale of the property, or his efforts toward a sale were approaching

success. (*Laux* v. *Hogl,* above, on rehearing.)' In the absence of this supplementary proof, the offered evidence was irrelevant. The plaintiff does not seek recovery for time spent or money expended, but only for the five per cent commission specified in the letter of September 25, 1911.

Counsel for respondents insists that the evidence is insufficient to establish a valid contract existing between these parties at any time, or that the witness King was financially able to purchase the property. Whether the letter of September 25 and the correspondence which preceded it sufficiently identify the property is. a question which would deserve more serious consideration if it was necessarily involved. But we have assumed, without deciding, that the relationship of principal and agent was established, and that King was shown to be financially able to complete the purchase. It is upon this assumption that we base our conclusion that no error was committed by the trial court.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

