JOHNSON, Respondent, v. OGLE et al., Appellants.

No. 8747

Submitted May 22, 1947. Decided June 7, 1947.

181 Pac. (2d) 789

See, also, Mont., 159 Pac. (2d) 337.

Mr. M. L. Parcells, of Columbus, for appellent. Mr. Parcells argued the cause orally.

Mr. Mark H. Derr, of Polson, and Mr. L. D. French, of Ronan, for respondent. Mr. Derr argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, a licensed real estate dealer, brought this action to recover an alleged commission for the sale of certain real property.

Defendant by answer alleged that no contract of employment for compensation or commission was entered into in writing or at all between plaintiff and defendant and that the alleged contract pleaded in the complaint is invalid, null and void, and barred by subdivision 6 of section 7519, Revised Codes 1935.

By agreement the cause was tried to the court without a jury. The court found for plaintiff and defendant appealed from the judgment.

The first point raised by defendant is that the court erred in striking his amended demurrer from the files. The record discloses that defendant first filed a general demurrer. The amended demurrer was both general and special. It alleged

that the complaint was indefinite and uncertain in that it cannot be ascertained whether an express contract was entered into or what its terms and conditions were, and that it affirmatively shows from the complaint that the action is not upon an express contract in writing.

Defendant was not prejudiced by the action of the court in striking the amended demurrer. By answering, defendant waived the objection that the complaint was uncertain, Pue v. Wheeler, 78 Mont. 516, 255 Pac. 1043.

Defendant by answer has raised the question as to the effect of the statute of frauds on the contract in question and hence has suffered no prejudice by reason of the ruling of the court in striking the amended demurrer.

The only other point relied upon by defendant is his claim that the contract sued upon was and is barred by subdivision 6 of section 7519, Revised Codes. That section reads as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: * * * 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

The propriety of the court's decision depends upon the question whether there was a sufficient written note or memorandum to comply with the requirements of the first part of this section.

The facts of the case are without conflict. Defendant presented no evidence and hence the case turns upon the sufficiency of plaintiff's proof to meet the requirements of section 7519, Revised Codes. The proof submitted by plaintiff is fairly set forth by the court's findings of fact. Summarized, those findings are as follows:

That in 1943, plaintiff and defendant, L. C. Ogle, entered into an oral agreement whereby plaintiff agreed to act as agent of Ogle to sell certain land described in the complaint; that defendant agreed to pay 5% commission on the sale price

of $16,000; that plaintiff procured a purchaser, Frank Koble; that on January 26, 1944, Koble paid plaintiff $5,000 to apply as the down payment on the purchase price; that plaintiff thereupon gave Koble a receipt for that amount; that plaintiff advised defendant of the sale and on February 4, 1944, defendant Ogle came to plaintiff's office in Ronan and requested plaintiff to pay him the $5,000 in full as he needed the money, and that plaintiff could take his commission from the balance of the purchase price to be paid later; that plaintiff thereupon paid Ogle the $5,000 in full by check; that defendant Ogle thereupon gave plaintiff a receipt reading:

"Received from Godfrey Johnson

Five Thousand ................................................................Dollars

Com. to be paid

For payment on place sold to Frank Koble          $5000.00

(Sgd)   L. C. Ogle'';

That the words "Com. to be paid" were intended by the parties to mean that plaintiff's commission would be taken out of the balance of the purchase price; that on February 14th plaintiff made an assignment in writing of his commission to Koble, with the understanding that Koble would withhold the commission from the balance that he owed Ogle;

That on February 15th, Mr. and Mrs. Koble met Ogle at the office of Lloyd Wallace, attorney, in Polson for the purpose of completing the transaction; that Ogle was advised of the assignment of the commission in the amount of $800 and the purpose of making the assignment, and that that amount should be withheld from the balance of the purchase price; that Ogle thereupon took the assignment in writing from the hands of Koble, saying, "I will pay Johnson"; that thereupon Koble paid Ogle the balance of $11,000 by check; that on March 1st Koble reassigned the commission to plaintiff and advised plaintiff of the facts concerning the final payment to Ogle; that plaintiff on March 1st wrote to Ogle, who was then residing at Columbus, as follows:

180

"March 1st, 1944

Mr. L C Ogle
Columbus, Mont.
Dear Lloyd:

I was informed by Mr. Koble that full settlement has been made on the property which he purchased from you, thru my agency, and that you did not settle with him for my commission, that you agreed, according to statement made by Mr. & Mrs. Koble, a copy of which is enclosed herewith, that you would make settlement for services rendered by me in the matter.

I am also inclosing copy of 'Assignment of Account' from Mr. Koble to myself.

As you did not make settlement with Mr. Koble or myself before leaving, will you therefore kindly favor me with a check in the amount due.

Thanking you, I am

Sincerely,

Godfrey Johnson.''

With the letter plaintiff enclosed a statement of the account, reading:

"Statement

March 1st, 1944

Godfrey Johnson, Realtor.
Ronan, Montana

| To | L. C. Ogle | Dr. |
|---|---|---|
| Feb 15–44 | To services rendered in sale of L C Ogle, property at R o n a n, Mont to Frank Koble, regular authorized 5% commission o n $16,-000.00 sale | $800.00." |

Defendant Ogle replied to the letter by a postal card reading: "Columbus, Mr 6—'44. Dear Godfrey—Rec'd your letter.

Am writing to Mr. Wallace & Koble. As soon as hear from them will write you further. L C Ogle.''

No other communication was received from Ogle and plaintiff brought this action.

Ogle died after the action was commenced and Lathom, as administrator, has been substituted as defendant in the action. Creditor's claim was presented and rejected.

As conclusions of law the court found that there was a sufficient note or memorandum to meet the statute; that the contract was an executed one and that plaintiff is entitled to judgment.

Defendant contends that the only writing which would constitute a written note or memorandum is insufficient because it was not in existence at the time the plaintiff produced a purchaser ready, able and willing to buy on defendant's terms. The case of Newman v. Dunleavy, 51 Mont. 149, 149 Pac. 970, contains language supporting defendant's contention. But the later case of Gantt v. Harper, 86 Mont. 69, 281 Pac. 915, 917, has held that ''a memorandum executed after the services have been performed is sufficient to satisfy the requirements of the statute of frauds.'' This is in line with the holding of the courts generally throughout the country. 49 Am. Jur., ''Statute of Frauds,'' sec. 316, p. 630, et seq; Restatement, Contracts, Vol. 1, sec. 214; 37 C. J. S., ''Frauds, Statute of,'' sec. 171, page 647 et seq.

Defendant likewise contends that the note or memorandum is not sufficiently definite in terms to meet the requirements of the statute.

''No particular form of language or instrument is necessary to constitute a memorandum or note in writing under the statute of frauds, where the statute does not require that the contract itself be reduced to writing. It is the general rule that a memorandum wholly untechnical in form may be sufficient. It may consist of any kind of writing, from a solemn deed down to mere hasty notes or memoranda in books or papers. A writing charging the other party to the transaction

with nonperformance of his obligations thereunder may be sufficient. A written recognition of the contract, expressed in one instrument or, in a proper case, in several writings, may constitute a sufficient memorandum, notwithstanding it contains a request for release, a refusal to perform the contract, or a denial of its validity." (49 Am. Jur. 634, "Statute of Frauds," sec. 321. To the same effect is 37 C. J. S., "Frauds, Statute of," sec. 174, page 652 et seq.) And a receipt has been held sufficient. Ullsperger v. Meyer, 217 Ill. 262, 75 N. E. 482, 2 L. R. A., N. S. 221, 3Ann. Cas. 1032; Hurley v. Brown, 98 Mass. 545, 96 Am. Dec. 671. And two or more writings properly connected may be considered together. 37 C. J. S., "Frauds, Statute of," sec. 177, page 656.

Defendant likewise contends that oral evidence of the terms of the alleged agreement was improperly admitted.

"Parol evidence is admissible to explain ambiguities, and ▉ to apply the instrument to the subject matter. Thus, the situation of the parties and the surrounding circumstances at the time of the sale of goods may be shown to apply the writing to the subject matter of the sale. Likewise, parol evidence is admissible to apply the designation of a party and identify the person meant by it. The fact that abbreviations or figures are used in the memorandum will not of itself render it too indefinite. Oral evidence may be received to show in what sense they were used and their meaning explained as understood between the parties." 49 Am. Jur., "Statute of Frauds," sec. 322, p. 636. And see 37 C. J. S., "Frauds, Statute of," sec. 282, page 810 et seq.

Here defendant signed the receipt for the $5,000 on which ▉ was written "Com. to be paid." The receipt identified the property as the "place sold to Frank Koble." This note or memorandum taken in conjunction with the letter of March 1, 1944, from Johnson to Ogle containing a statement of the claim and Ogle's reply thereto which did not deny the indebtedness, failed to question its accuracy but amounted to a

tacit admission of the indebtedness, constituted a sufficient note or memorandum to meet the requirements of the statute.

The court properly held for plaintiff.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Cheadle and Metcalf concur.