**DUBRAY LAND SERVICES, INC.**
Plaintiff—Appellee/Cross–
Appellant,

v.

**MESA COMMUNICATIONS GROUP,**
LLC, Defendant—Appellant/Cross–
Appellee.

Nos. 04–35748, 04–35784.

D.C. No. CV–01–00123–RFC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Jan. 25, 2006.

Peter F. Habein, Herbert I. Pierce, III, Esq., Crowley Haughey Hanson Toole & Dietrich, PLLP, Jeffrey J. Oven, Esq., Billings, MT, for Plaintiff–Appellee/Cross–Appellant.

Jeanne M. Bender, Esq., Holland & Hart, LLP, Billings, MT, for Defendant–Appellant/Cross–Appellee.

* The Honorable Edward Rafeedie, Senior Judge, United States District Court for the District of Central California, sitting by designation.

Before KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,* District Judge.

MEMORANDUM **

Defendant Mesa Communications Group appeals the jury's verdict for Plaintiff Du-Bray Land Services on DuBray's claim of tortious interference with a contract. Mesa also requests attorney fees for its successful defense of DuBray's alternate breach of contract claim. DuBray cross-appeals the jury's decision not to award it punitive damages against Mesa. We affirm on both the appeal and the cross-appeal.

1. On de novo review of the district court's order denying judgment as a matter of law, *Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir.2003), we conclude that the court did not err. Sufficient evidence supports the jury verdict for Du-Bray on the claim of tortious interference with a contract.

For example, DuBray presented evidence that Mesa knew that Pacific Northwest Infrastructure, Inc. ("PNI"), had hired DuBray to develop all of its job sites, and approved of the action, but then took approximately 80% of the sites away from PNI for development by another site acquisition firm. Mesa justified its actions by claiming that DuBray was working too slowly, but evidence showed that DuBray was not meant to *begin* working until *after* Mesa made the accusations of slow pace. Moreover, there was evidence—and the jury found—that Mesa deliberately destroyed evidence before trial. On this record, the jury reasonably could have inferred that Mesa's actions were undertaken for an improper purpose and calculated

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to cause damage to DuBray, so that Mesa could be in charge of the telecommunications project.

2. We review for abuse of discretion a district court's evidentiary ruling, *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004), and conclude that the court did not err (1) by excluding evidence related to the amount of money that Mesa paid to PNI or (2) by admitting handwritten notes of a Mesa management committee meeting, because Mesa cannot show prejudice. *See City of Long Beach v. Standard Oil Co. of Cal.*, 46 F.3d 929, 936 (9th Cir.1995) (holding that evidentiary rulings do not provide a basis for reversal without a showing of prejudice). Mesa presented evidence that it paid all of its bills to PNI, through the direct examination of its president, so the excluded evidence duplicated that testimony. In addition, even if the handwritten notes from the committee meeting were not properly authenticated, Mesa's president testified that he considered the telecommunications project risky, the same underlying sentiment expressed by the notes.

3. The district court did not abuse its discretion, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir.2004), by refusing to grant Mesa's motion for attorney fees. Mesa never entered into a contract with DuBray, and the jury found that PNI did not act as Mesa's agent. Therefore, an attorney fee provision in a contract between DuBray and PNI does not apply to Mesa.

Moreover, the Montana statute that provides for reciprocal attorney fees allows such fees to be awarded only to a *party* to the contract. Mont.Code Ann. § 28–3–704; *see also Rudio v. Yellowstone Merch. Corp.*, 200 Mont. 537, 652 P.2d 1163, 1170 (1982) (holding that "only parties to the original contract have reciprocal rights to attorney's fees").

The Montana statute also requires that, in order for a party to recoup attorney fees, it must *prevail* in the *action*. Mont.Code Ann. § 28–3–704. Mesa was not the prevailing party in the action because the jury found for DuBray on the tortious interference claim. When a party does not prevail on all issues in a case, it is not entitled to attorney fees under Montana law. *See Marias Healthcare Servs., Inc. v. Turenne*, 305 Mont. 419, 28 P.3d 491, 497 (2001) (upholding the lower court's decision not to award attorney fees because neither party prevailed on all claims).

4. The district court did not abuse its discretion, *Ortiz v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 852 F.2d 383, 388 (9th Cir.1987), by refusing to grant a new trial on DuBray's claim for punitive damages. DuBray failed to request a continuance from the district court when Mesa sought to introduce the new financial statement. Moreover, DuBray did not demonstrate prejudice from the admission of the document.

AFFIRMED.