JUSTICE WHEAT
dissents.
¶32 I dissent from the Court’s holding that no contract exists regarding the CIB policy. A disclaimer in an employee handbook, standing alone, cannot support summary judgment dismissal of this contract claim. The District Court reads the handbook’s disclaimer as proof that the Employers never meant to be bound by the benefits. But the conduct of a party may manifest assent even though it does not, in fact, intend to assent. Restatement 2d Contracts § 19(3) (1981). The question, as the majority states, is whether the Employers’ outward manifestations could cause a reasonable person to conclude that they intended to be bound by the benefits.
¶33 Questions of reasonableness can be either questions of fact or questions of law. Walters v. Getter, 232 Mont. 196, 200, 755 P.2d 574, 577 (1988). When surrounding circumstances are in dispute, the question of reasonableness is at least partially one of fact and requires resolution by the trier of fact. Walters, 232 Mont. at 200, 755 P.2d at 577; Steichen v. Talcott Properties, LLC, 2013 MT 2, ¶¶ 17-19, 368 Mont. 169, 292 P.3d 458. Assent to contract occurs when a reasonable person could conclude, based on a party’s outward manifestations, that the party intended to be bound by the contract. Olsen v. Johnston, 2013 MT 25, ¶ 11, 368 Mont. 347, 301 P.3d 791. The evaluation of assent to contract requires the consideration of all surrounding circumstances. Bitterroot Int’l Sys v. Western Star Trucks, Inc., 2007 MT 48, ¶ 33, 336 Mont. 145, 153 P.3d 627.
¶34 Disclaimers in employer handbooks or policies do not automatically negate assent to contract; rather, they must be examined in the context of all circumstances, representations, and practices of the employer. Zaccardi v. Zale Corp., 856 F.2d 1473, 1476-77 (10th Cir. 1988); Russell v. Bo. of Co. Comms., 952 P.2d 492, 502 *372 (Okla. 1997); Guz v. Bechtel National, Inc., 8 P.3d 1089, 1103-04 (Cal. 2000); Swanson v. Liquid Air Corp., 826 P.2d 664, 676 (Wash. 1992) (quotations and citations omitted) (“[e]ven if a disclaimer appears in the same handbook as the relied upon policy, summary judgment may be inappropriate .... The disclaimer must be read by reference to the parties’ norms of conduct and expectations founded upon them.”). In essence, a disclaimer is only one relevant fact in the dispute over whether a reasonable person could conclude that a party assented to contract. A factual issue arises if the disclaimer is present in one manual but is absent in a later, more detailed expression of employer policy. Swanson, 826 P.2d at 676. A disclaimed handbook may still give rise to a contract when the handbook is only considered a “guide” for employer-employee relations. Zaccardi, 856 F.2d at 1477. Disclaimer validity is also questionable when the disclaimed policy was instituted in the face of labor unrest. Swanson, 826 P.2d at 676.
¶35 A factual dispute clearly exists as to whether the Employers negated the disclaimer through their outward manifestations. Employers’ written policy manual contains no disclaimer, yet it is more detailed than the handbook, listed as controlling, continually updated, referenced in employment contracts, and relied on as authority by HR staff. The handbook at issue, on the other hand, is described as a guide to Employers’ policies, and ends its disclaimer with a reference to the actual binding policies of the Employers: “Please note that the terms of the written policies are controlling.” That inconsistency alone raises a factual issue as to whether a reasonable person could believe the Employers intended to be bound. Like in Swanson, the CIB policy was instituted to quell unrest amongst the staff and prevent employee unionization. Finally, plaintiffs alleged that Employers had honored previous benefits by grandfathering in all employees who were hired before a change was instituted, thus demonstrating they saw themselves as bound by the benefits. In the face of these facts, the handbook disclaimer is hardly persuasive and certainly not dispositive. A factual dispute arises as to whether whether a reasonable person could believe that the Employers intended to be bound, and the disclaimer is only one piece of evidence in that dispute.
¶36 Even if the disclaimer’s terms were indisputable, I am unconvinced that it has any sway over the actual terms of employment. It is -undisputed that employees entered into an employment agreement, and those agreements incorporated the Employers’ policies and procedures as outlined in the manual, not the handbook. In Marias Healthcare Servs., policies and provisions of an *373 employer were directly incorporated in the employment contract by reference. Marias Healthcare Servs. v. Turenne, 2001 MT 127, ¶ 17, 305 Mont. 419, 28 P.3d 491. Since the employment contract itself was adequately bargained for, the incorporated policies bound both the employer and employee. Marias Healthcare, ¶ 18. That is exactly the case here. The CIB policy was not instituted by the handbook. The CIB policy was part of an undisclaimed company policy which was incorporated directly into the initial employment contract. According to the deposition of the Employers’ human resources officer, “the overriding and controlling document of the employment relationship is the Northwest Healthcare official policies and procedures manual,” and not the handbook. When parties have apparent intent to incorporate policies into an employment contract, that incorporation is not defeated merely because an employer reserves the right of unilateral amendment. Zuelsdorf v. University of Alaska, 794 P.2d 932, 934-35 (Alaska 1990) (citing Moore v. Utah Technical College, 727 P.2d 634, 641-42 (Utah 1986)).
¶37 Finally, although not addressed by today’s majority, the employees provided valuable, bargained-for consideration in exchange for the CIB policy. Any benefit conferred upon the promisor constitutes good consideration for a promise. Section 28-2-801, MCA. In Langager, we found sufficient consideration when an employee merely received notice of a policy and attended employee meetings to give input about the policy. ¶ 20. In Hernandez, we found that consideration exists when an employee agrees to a policy at the time of hiring. ¶¶ 19-20. Employees here had the CIB policy incorporated into their employment agreement by reference to the Employers’ policy manual. Under the policy, retention increased 100% under the policy and banked sick leave hours increased by over 300%. Employers received, and expected to receive, good consideration in the form of a direct benefit from the CIB policy.
¶38 The District Court erred by granting summary judgment solely based on the disclaimer. Evidence in the record raises a factual dispute over whether the Employers manifested their intent to be bound. I would remand this case for a trier of fact to decide whether a valid contract had been formed.
CHIEF JUSTICE McGRATH joins the dissent.